# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

DENISE FAITH ASH,       )
                                    )

           **Plaintiff,**       )
                                    )

v.                                )     **Case No. 21-06061-CV-SJ-MDH-SSA**
                                    )

KILOLO KIJAKAZI,          )
Acting Commissioner of Social Security,     )
                                    )

           **Defendant.**       )

## ORDER

Before the Court is Plaintiff Denise Faith Ash's appeal of Defendant Social Security Administration Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the Administrative Law Judge's decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED**.

## BACKGROUND

On March 28, 2019, Plaintiff protectively filed for disability insurance benefits under Title II of the Social Security Act, the Act, 42 U.S.C. §§ 401 *et seq*. (Tr. 43, 124, 203). Plaintiff's application was denied, and she requested an administrative law judge, ALJ, hearing (Tr. 125, 130). On September 28, 2020, following a hearing, an ALJ found that Plaintiff was not disabled (Tr. 43-60).

The ALJ found that Plaintiff had severe impairments including Huntington's disease, bipolar disorder, anxiety disorder, and attention deficit disorder, ADD, (Tr. 46). However, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the impairments listed in 20 C.F.R., Part 404, subpart P, appendix 1 (Tr. 47).

The ALJ determined that Plaintiff had the residual functional capacity to perform simple, routine, repetitive tasks (Tr. 49). Plaintiff could make simple work-related decisions (Tr. 49). She could frequently interact with supervisors and occasionally interact with coworkers (Tr. 49). Based on a vocational expert's testimony, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers, including the jobs of industrial cleaner, dishwasher, and laundry worker (Tr. 59, 106). Thus, the ALJ found that Plaintiff was not disabled (Tr. 60).

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

The general issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The specific issues in this case are whether the ALJ properly evaluated the listings and properly evaluated Plaintiff's residual functional capacity.

### A.  The ALJ properly considered the listings

Plaintiff argues that the ALJ erred at step three when she did not consider whether Plaintiff's Huntington's disease equals Listing 12.02. Huntington's disease is a hereditary neurodegenerative disorder characterized by progressively worsening motor, cognitive, behavioral, and psychiatric symptoms. Adult-onset Huntington's disease is a compassionate allowance condition. Adult Onset Huntington's Disease, DI 23022.923.2 There is no cure or treatment to stop, slow or reverse the progression of this disease. *Id.*

At step three of the sequential evaluation, the ALJ considers whether the claimant meets or equals one of the impairments listed in 20 C.F.R. part 404, subpart P, appendix 1. The listings describe over one hundred conditions "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). To establish disability under a listing, a claimant must show her impairments meet or equal the listing criteria. *See* 20 C.F.R. § 404.1520(a)(4)(iii). A claimant must show that she satisfies all of the criteria for the listed impairment, and an impairment that satisfies only some of the criteria does not establish disability. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The Eighth Circuit has stated that "[a]n ALJ's failure to address a specific listing or to elaborate on his conclusion that a claimant's impairments do not meet the listings is not reversible error if the record supports the conclusion." *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017).

Plaintiff cites SSA's Program Operations Manual System (POMS) disability (DI) section 23022.923, which discusses adult onset Huntington's disease. Contrary to Plaintiff's claim, this policy provision does not require an ALJ to discuss specific listings. This policy section explains that a claimant with Huntington's disease may meet listing 11.17 (neurological disorders of the central nervous system) or equal listing 12.02 (neurocognitive disorders). *See id.*; 20 C.F.R. part 404, subpart P, appendix 1, §§ 11.17, 12.02. However, it is up to the decisionmaker whether to evaluate the claim under these listings. *See* POMS DI 23022.923. Specifically, adjudicators "may, *at their discretion*, use the Medical Evidence of Record or the listings suggested to evaluate the claim," and "the decision to allow or deny the claim rests with the adjudicator." POMS DI 23022.923 (emphasis added). Thus, policy does not require an adjudicator to evaluate a claimant with Huntington's disease under these listings, and it does not say that Huntington's disease is automatically disabling.

Case 5:21-cv-06061-MDH   Document 18   Filed 06/02/22   Page 4 of 9

Plaintiff argues that Social Security Ruling, SSR 17-2p required the ALJ to rely on a medical consultant or medical expert when evaluating medical equivalence at step 3. *See* Pl.'s Br. at 6. This is not correct; if an ALJ determines that the evidence does not reasonably support a finding that the claimant medically equals a listing, the ALJ can find that the claimant does not equal the listing without obtaining evidence from a medical consultant or expert. *See* SSR 17-2p.

SSR 17-2p explains that when an agency adjudicator considers whether an individual's impairments meet or medically equal a listing, the adjudicator may ask for and consider evidence from medical experts and medical support staff. *Id.* If the adjudicator finds that the claimant "is disabled based on medical equivalence at step 3," then the record must contain a prior administrative medical finding or input from a medical expert or medical staff supporting medical equivalency. *See id.* However, if the adjudicator "believes that the evidence does *not* reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, we do not require the adjudicator to obtain ME evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment." *Id.* (emphasis added). Thus, the ALJ was not obligated to obtain medical expert input prior to finding that Plaintiff did not medically equal listing 12.02 or any other listing.

The Court finds that the ALJ's determination that Plaintiff's condition does not meet a listing is supported by substantial evidence. For example, the agency psychological consultant, Dr. Toll, found that Plaintiff had only mild or moderate limitations in the paragraph B domains (Tr. 116-17). Dr. Toll's prior administrative medical finding supports a conclusion that Plaintiff did not meet or listing 12.02, which requires marked impairment in one of these areas. The ALJ discusses the record at length, and her discussion as to why Plaintiff did not meet listing 11.17 is

directly relevant to the 12.02 analysis as well. Accordingly, the ALJ did not err in not discussing whether Plaintiff's condition meets listing 12.02.

## B. The ALJ properly evaluated Plaintiff's RFC

The ALJ properly weighed all evidence in assessing residual functional capacity, RFC, and she assessed significant limitations to account for Plaintiff's impairments. While Plaintiff argues that the ALJ did not incorporate all elements of Dr. Barbin's opinion, the ALJ found this opinion only partially persuasive and her RFC finding accounted for the mild and moderate limitations that Dr. Barbin assigned.

The claimant has the burden to prove RFC at step four of the sequential evaluation process. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An ALJ develops RFC based on all relevant evidence of record, including the claimant's subjective statements about her limitations and medical opinion evidence. *See Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2015); *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) ("[I]n evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively."); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96-8p.

The ALJ properly evaluated Plaintiff's subjective complaints as part of her evaluation of functional capacity. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); 20 C.F.R. § 404.1529 (discussing the process for evaluating symptoms); SSR 16-3p. Plaintiff alleged she could not work due primarily to Huntington's disease, which affected her intellect, memory, focus, and concentration (Tr. 50, 88, 91). Plaintiff also claimed she had poor coordination, she struggled to finish projects or retain information, and she avoided crowds (Tr. 50, 92, 94-95, 101-02). The ALJ found that Plaintiff's statements about her symptoms were not entirely consistent with other evidence in the record (Tr. 51).

Among other objective and opinion evidence, the ALJ found that Dr. Barbin's April 2020 medical source statement about mental functioning was mostly persuasive (Tr. 56-57, 600-601). Dr. Barbin assessed moderate limitations in understanding and memory, mild limitations in social interaction, and no imitations in adaption (Tr. 56, 600-601). In terms of sustaining concentration and persistence, Dr. Barbin noted mild and moderate limitations but also assessed marked limitations in performing activities within a schedule and completing a normal workday or workweek without interruption (Tr. 56, 600). The ALJ found the marked limitations were not persuasive, as Dr. Barbin did not support them with explanations and they were inconsistent with treatment records showing mild symptoms (Tr. 57, 494, 583).

Likewise, the ALJ found that Dr. Toll's prior administrative medical findings were generally persuasive (Tr. 57, 119–20). After reviewing Plaintiff's claim in July 2019, Dr. Toll opined that Plaintiff could understand and remember a wide range of work; she had mental capacity to concentrate on unchanging instructions with less than four steps; she was moderately impaired at detailed or complex instructions or prolonged activity; and she could adapt to social requirements but might experience distractions from psychological symptoms at times (Tr. 119-20). The ALJ found this assessment was generally persuasive as Dr. Toll supported her findings with a narrative discussion and her conclusions were consistent with examiners' relatively normal findings (Tr. 57-58). Nevertheless, the ALJ reasoned that more recent evidence supported somewhat greater limitations in understanding, remembering, and applying information (Tr. 58). Based on the record as a whole, including objective evidence, Plaintiff's course of treatment, and elements of Dr. Barbin's and Dr. Toll's evaluations, the ALJ concluded that Plaintiff could perform simple, routine, repetitive tasks (Tr. 49, 55). To fully account for Plaintiff's impairments, the ALJ

concluded Plaintiff was limited to simple work-related decisions and she could frequently interact with supervisors and occasionally interact with coworkers (Tr. 49, 55).

Plaintiff argues that the ALJ failed to incorporate certain "moderate" limitations in Dr. Barbin's opinion. *See id.* at 9. However, the ALJ was not required to incorporate every facet of Dr. Barbin's opinion in her RFC finding. The ALJ's discussion makes clear that she agreed with Dr. Barbin's opinion to the extent that Plaintiff's impairments caused mild to moderate limitations. In evaluating Plaintiff's functional abilities, however, the ALJ ultimately determined that Plaintiff's cognitive and impairments limited Plaintiff to simple, routine, repetitive tasks and simple decisions, but did not warrant greater restrictions (Tr. 55).

Contrary to Plaintiff's claims, the RFC finding is not inconsistent with Dr. Barbin's assessment of moderate limitations in certain areas. Under the definitions provided with Dr. Barbin's opinion, a moderate limitation in a category does not mean that the claimant is unable to function in that area; rather, a moderate limitation is compatible with some useful functioning in that area (Tr. 600). While Dr. Barbin indicated that Plaintiff was moderately limited at understanding and remembering short and simple instructions, she also indicated Plaintiff was not significantly limited at carrying out such instructions (Tr. 600). By limiting Plaintiff to instructions that were simple as well as routine and repetitive, the ALJ fully accounted for moderate difficulties in understanding and memory.

Moreover, Dr. Toll found Plaintiff was not significantly limited in areas such as remembering locations and work-like procedures, understanding and remembering short and simple instructions, and sustaining an ordinary routine (Tr. 119). It was the ALJ's role as fact-finder to review the entire record, including Dr. Barbin's and Dr. Toll's opinions, and reach an RFC finding based on the record as a whole. To the extent Plaintiff is arguing that the record

8

contains evidence that could support a more restrictive RFC than the one crafted by the ALJ, this argument amounts to nothing more than an alternative view of the evidence. The standard of review is whether substantial evidence supports the ALJ's findings, not whether substantial evidence supports contrary findings. *See England v. Astrue*, 490 F.3d 1017, 1019 (8th Cir. 2007) ("If substantial evidence supports the decision, we will not reverse, even if substantial evidence could have been marshaled in support of a different outcome." (citation omitted)). The ALJ relied on evidence that a "reasonable mind" would accept as adequate to support her conclusions about RFC. Accordingly, the RFC finding is affirmed.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence in the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits to Plaintiff is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: June 2, 2022                    _/s/ Douglas Harpool_____
                                                  **DOUGLAS HARPOOL**
                                                  **United States District Judge**